METROPOLITAN ST. LOUIS SEWER DISTRICT, Plaintiff,

v.

Mark HOLLORAN, et al., Defendants,

and

Joseph A. Fenlon, et al., Defendants–Respondents,

and

Hazel Harris, Defendant–Appellant.

No. 70102.

Supreme Court of Missouri, En Banc.

June 14, 1988.

Canice Timothy Rice, Jr., Julia Wentz and John R. Essner, St. Louis, for appellant.

Joseph A. Fenlon, pro se.

Gregory G. Fenlon, Clayton, for respondents.

BLACKMAR, Judge.

This case involves an important point not explicitly covered by our prior decisions, as to what happens when the sole appellant dies after a case has been docketed in the appellate court but before that court has disposed of it.

The case began as a condemnation action by the St. Louis Metropolitan Sewer District. Named as defendants were Joseph A. Fenlon, who claimed title to a tract of property under a tax deed, and Hazel Harris, who claimed the same tract by adverse possession. The condemnation action was disposed of, but Fenlon and Hazel prosecuted cross-claims against each other to establish their respective interests. The trial court entered judgment on a directed verdict for Fenlon, and Hazel appealed.

The chronology is important, and is as follows:

1. The notice of appeal was filed June 2, 1986.

2. The appeal was argued March 17, 1987.

3. Hazel Harris died May 18, 1987.

4. Respondent Fenlon filed suggestion of death of Hazel July 13, 1987. Service was made by delivery to John R. Essner, the attorney of record for Hazel.

5. Opinion was filed July 21, 1987, reversing the judgment of the circuit court and directing entry of judgment for Hazel Harris.

6. Fenlon filed motion to dismiss appeal October 13, 1987.

7. On October 19, 1987, Rennard Harris, personal representative of Hazel Harris, filed motion for substitution as a party. This filing came more than 90 days after the filing of the suggestion of death.

8. Counsel filed motion to substitute Rennard Harris, devisee of Hazel Harris, October 23, 1987.

9. On October 27, 1987, the court withdrew the opinion of July 21, 1987, sustained Fenlon's motion to dismiss the appeal, and overruled Rennard's motion for substitution.

10. Motion for rehearing or transfer was filed on behalf of Rennard Harris November 12, 1987, and overruled December 10, 1987.

We then granted transfer of the case to consider the important procedural problems which were presented.

Respondent Fenlon argues simply that the court, under Rule 52.13(a), lacked power to order any substitution because more than 90 days had elapsed between his filing of a suggestion of death and the application for substitution filed by Attorney Rice on behalf of Rennard Harris. The court of appeals agreed. Rule 52.13(a) provides in pertinent part, and with emphasis supplied, as follows:

(1) If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest *by the service of a statement of the fact of the death as provided herein for the service of a motion.* A motion for substitution may be made by any party or by the successor or representative of the deceased party. Such motion, together with notice of hearing shall be served upon the parties as provided in Rule 43.01, and upon persons not parties in the manner provided for the service of a summons. Unless a motion for substitution is served within 90 days after a

suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice....

Service is an essential part of the filing under the rule. The service must be made as a motion is served. Respondent's attempted service upon Essner, the attorney of record for the late Hazel Harris, was not effective. Essner's agency for Harris terminated with her death. He had no express or implied authority to receive service on behalf of Hazel's successors. Any informal communication he may have had with Rennard Harris or other successors to Hazel is not sufficient to trigger the running of the time limitation provisions of the rule. The record must show appropriate service to start the clock running.

Available methods of service of the suggestion of death are provided by Rule 43.-01(c). If the party in interest is known, service may be made by delivery or mail. Otherwise service may be made as prescribed by the rules for the service of initial process. One who wants to put opposing parties in interest out of court by the expiration of a time limit must take appropriate formal steps to bring them before the court.

Federal Rule 25 is similar to our rule 52.13. The federal cases consistently hold that service of a suggestion of death is essential to start the 90–day substitution period running.[1] The attorney's authority to receive service, moreover, terminates with the death of his client.[2] We do not consider that the differences the respondent points to between the federal rule and ours are significant.[3] We find the federal cases helpful.

Judge Donnelly's dissent cites *Yonofsky v. Wernick,* 362 F.Supp. 1005 (S.D.N.Y. 1973), in support of a contrary view. The interesting thing about that case is that the court imposed no bar, but rather allowed substitution, under discretion conferred by Rule 6 (b), Fed.R.Civ.P. Its discussion of the effectiveness of service on the attorney for the deceased party, therefore, would seem to be unnecessary.

The need for further service was obviated by the applications filed by Rennard Harris on October 19 and 23, 1987, in which he sought to be substituted. We do not have to decide at this time whether the substitution should be in his individual capacity or as personal representative. The prudent thing is to allow him to be substituted in both capacities, so that an appropriate determination may be made of his interests. *Cf. Slater v. Kansas City Terminal Railway Co.,* 271 S.W.2d 581 (Mo. 1954).

Although Rule 52.13 applies to cases on appeal, by the express terms of Rule 41.-01(a)(1), appealed cases present special problems. Here a final judgment had been rendered. This judgment was binding on Hazel Harris and all those claiming under her until reversed in the due course of law. She filed a timely notice of appeal, vesting the appellate court with exclusive jurisdiction over the case. The opinion of July 21, 1987, was of no legal effect and should not have been handed down, because the appellant was not living at the time, but whatever interest she had in the property in issue passed to her heirs and devisees. The importance of their rights is highlighted by the now withdrawn opinion favorable to their interests. They surely should be able

**1.** *United States v. Miller Brothers Construction Co.,* 505 F.2d 1031 (10th Cir.1974).

**2.** *Fariss v. Lynchburg Foundry,* 769 F.2d 958 (4th Cir.1985); *Ransom v. Brennan,* 437 F.2d 513 (5th Cir.), *cert. denied,* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971).

**3.** Federal Rule 25 provides in pertinent part, with emphasis supplied, as follows:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any

party or by the successors or representative of the deceased party and, together with the notice of hearing, *shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons,* and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party....

to assert these interests in the appellate courts, and should be turned out of court only if the rules explicitly so require. The solution reached by the court of appeals is not in keeping with the spirit of Rule 41.03, which mandates a construction of our rules so as to "secure the just, speedy and inexpensive determination of" cases in the courts.

The respondent argues that the motions for substitution were defective because they contained no notice of hearing, as required by Rule 52.13(a)(1). This contention is quickly disposed of by Rule 84.01, which provides that hearings are not held on motions in the appellate courts, except by special direction of the court.

Rennard Harris has standing to move to transfer. His applications show that he has an appropriate interest to permit substitution. When the court of appeals denied the relief he sought, he was entitled to apply for transfer of the case to this Court.

The court of appeals should have allowed the substitution. Inasmuch as that court's opinion on the merits has been withdrawn, we will not rule the merits but rather will retransfer the case with directions to allow the substitution of parties and for such further proceedings as may be indicated.

ROBERTSON, RENDLEN and HIGGINS, JJ., and PREWITT, Special Judge, concur.

DONNELLY and WELLIVER, JJ., dissent in separate opinions.

BILLINGS, C.J., not sitting.

DONNELLY, Judge, dissenting.

I agree that where "a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative." *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir.1985).

But where, *as here*, no representative had been named at the time the suggestion of death was filed, I would hold the service on counsel was effective. *See Yonofsky v. Wernick*, 362 F.Supp. 1005 (S.D.N.Y.1973).

I respectfully dissent.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The principal opinion fails to include in the statement of facts the fact that John R. Essner, the attorney for Hazel Harris, on August 12, 1987, filed in the Court of Appeals his statement that: "The Fenlons [opposing parties] have filed a suggestion of death with the Court on July 10, 1987. The heirs of Hazel Harris have been instructed to retain private counsel to open a probate estate on her behalf and to allow [provide] for substitution of the personal representative as a party to this appeal ..."

Rennard Harris, son of Hazel Harris, was appointed personal representative October 1, 1987. The ninety days' time for filing a Motion To Substitute Parties pursuant to Rule 52.13(a) did not run until October 13, 1987. Clearly, the personal representative had actual knowledge of the filing of the Suggestion of Death and sat on his rights through the 13th until the 19th day of October before filing his Motion To Substitute Parties. Under these circumstances, the Motion To Dismiss was properly sustained and our transfer of the case was improvidently ordered. If any problem there be with Rule 52.13(a), it is far better that it be amended rather than interpreted contrary to its express language.

The appeal was properly dismissed based upon the record.