**Van Willis GARDNER, Respondent,**

v.

**MERCANTILE BANK OF MEMPHIS, Appellant.**

No. 53323.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 31, 1989.

Thomas R. Jayne, Nicholas J. Lamb, St. Louis, Gary Dial, Memphis, for appellant.

Charles R. Willis, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

This action originated in November 1983 with the filing of a Petition by Van Willis Gardner alleging he was fraudulently induced to execute certain security agreements by officers of The Mercantile Bank of Memphis, who falsely told him he would not be required to pay a six-month promissory note for five years, or as long as he needed, if he furnished the bank with additional collateral. Mercantile Bank filed a counterclaim seeking to recover the amount due on a promissory note. On March 27, 1987, after a seven-day trial, a jury found in favor of Gardner on his fraud claim and assessed damages against the bank in the amount of $10,000 actual and $50,000 punitive. Mercantile prevailed on its counterclaim for the amount due under the note, $188,294.32 [1].

On March 31, 1987 Van Willis Gardner died.

On April 10, 1987 Mercantile filed a Motion for Judgment Not Withstanding the Verdict. No post-trial motion was filed on behalf of Gardner. Mercantile's motion was argued and denied on June 5, 1987. Mercantile timely filed its Notice of Appeal from the $60,000 judgment.

On May 17, 1988, during oral argument of this appeal, counsel for respondent told the court of Gardner's death four days after the verdict. Upon his assurance that a motion for substitution would be filed, the case was taken as submitted.

Shortly after this submission, the opinion of the Missouri Supreme Court in *Metropolitan St. Louis Sewer Dist. v. Holloran*, 751 S.W.2d 749 (Mo.banc 1988) was published. In *Holloran*, the court held the ninety-day period for filing a motion for substitution under Rule 52.13(a) did not commence to run until service of a suggestion of the death of a party upon opposing parties or persons in interest. Service upon the attorney for the deceased party was held to be ineffective, because the death of the client terminates the attorney's authority. *Id.* at 751.

Thereafter, we set aside the submission of this appeal and requested the parties to take appropriate action under the rules and statutes pertaining to substitution following the death of a party. Copies of this order were served upon counsel for Mercantile and counsel of record for Gardner. Because the authority of Gardner's trial counsel terminated upon the death of his client, and because he has not purported to represent Gardner's estate or survivors, we also served our order upon one Larry Phillips, who, we were advised, had been appointed personal representative of Gardner's estate.

In response, counsel for Mercantile Bank filed a certified copy of the appointment of Phillips on May 7, 1987 together with certification by the clerk of the probate division of the Circuit Court of Scotland County of the first publication of letters of administration on May 14, 1987. Mercantile also filed a formal suggestion of the death of Gardner and a motion to substitute Larry Phillips, personal representative of the Estate of Van Willis Gardner, as respondent herein. This suggestion of death and motion to substitute were served upon Larry Phillips by the sheriff of Knox County, Missouri on November 21, 1988. Nothing

---

1. The amount written in the verdict form was $188,294.32. The formal judgment entered as of March 27, 1987 shows the amount of this judgment to be $188,000. This discrepancy has not been explained nor challenged.

has been filed herein by Phillips on behalf of the Estate.

The authority of a court to order substitution for a deceased party to pending litigation when the claim is not extinguished by the death, and the procedure for effecting such substitution, are the subjects of Rule 52.13(a) and § 507.100.1, RSMo.1986. Prior to 1972 the pertinent rule and statute were identical. Each contained three subsections: The first required the court to order substitution after the service upon parties and interested non-parties of a motion for substitution and a notice of a hearing upon this motion; the second related to the survival of an action against surviving parties when the death of one party extinguished the claim only as to the decedent; the third provided for the dismissal of the action unless the motion for substitution was filed within nine months after the first published notice of letters testamentary or of administration. The statute remains unchanged in any relevant manner. Rule 52.-13(a), however, was materially changed in 1972. The first paragraph, 52.13(a)(1), provides the court may order substitution following the service upon interested parties of a suggestion of death, but only if a motion for substitution is served upon the parties within ninety days after the filing of the suggestion of death. The second paragraph, 52.13(a)(2), remains unchanged. Noticeably absent from Rule 52.13(a) is any provision comparable to the third paragraph of the prior rule and of § 507.100.1 concerning a time limitation in which proceedings to effect substitution must be initiated. Thus, the present rule has added a time limit of ninety days, triggered by the filing and service of the suggestion of death, after which the filing for the motion for substitution is barred. However, the rule is silent regarding any time period after which the filing of a suggestion of death, the first step in the initiation of substitution proceedings, is barred.

■ Article V, § 5 of the Missouri Constitution, which grants the Supreme Court power to establish rules of procedure, does not divest the legislature of similar power. Only where a procedural rule adopted by the Supreme Court is inconsistent with a statute and has not been expressly annulled or amended by later enactment of the legislature, does the rule supersede the statute. *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423, 426 (Mo.banc 1978); *State v. Clark*, 723 S.W.2d 17, 19 (Mo.App.1986). Where the legislature has enacted a statute pertaining to a procedural matter not addressed nor inconsistent with any Supreme Court rule, the statute must be enforced. Rule 41.04.

■ Mindful of these rules we turn to a comparison of Rule 52.13 and § 507.100. Rule 52.13(a)(1) and § 507.100.1(1) both relate to the action which may be taken by the surviving parties named or interested in pending litigation in order to continue the life of the litigation. The patent differences between the two subsections require that such a party follow the dictates of the rule. The second paragraph of the rule and of the statute are neither inconsistent nor relevant to this proceeding. The third paragraph of the statute, § 507.100.1(3), imposes a time limitation upon the commencement of the action authorized under paragraph one. Rule 52.13 is silent regarding the time in which such action must be commenced. This silence, we believe, leaves § 507.100.1(3) as the controlling rule with regard to the time in which action seeking substitution for a deceased party must be initiated. We find support for this conclusion in logic and in precedent.

■ A trial court is without jurisdiction to enter judgment for or against a deceased party. *Howard v. Hollins*, 462 S.W.2d 765, 766 (Mo.1971). The decision of an appellate court, issued after the death of a party to the appeal, is of no legal effect. *Metropolitan St. Louis Sewer Dist. v. Holloran*, 751 S.W.2d 749, 751 (Mo. banc 1988). Therefore, any purported adjudication, including dismissal, of an action after the death of a party where no substitution has been effected is a nullity. *Schleifer by and through Wehrs v. Shuler*, 699 S.W.2d 794, 795 (Mo.App.1985). The limitation of ninety days after service of a suggestion of death for filing a motion for substitution in Rule 52.13(a)(1) is obvi-

ously intended to shorten the time period of nine months allowed under prior Rule 52.12 and § 507.100.1(1), and to avoid unnecessary delay in an action which survives the death of a party. This policy would be thwarted if the omission from the present rule of a time limitation for the commencement of substitution proceedings were construed as rendering trial and appellate courts powerless to terminate litigation after the death of a party unless and until some interested party files and serves a suggestion of death and a motion for substitution. The failure of survivors to take any action, whether from lack of interest in or from lack of knowledge of the pending litigation, cannot perpetuate such judicial impotence interminably. Therefore, the void created by the failure of Rule 52.13(a) to address the subject of a time limitation in which to institute proceedings for substitution is filled by § 507.100.1(3) which is not in any manner inconsistent with any provision of the present rule. *See* Rule 41.04.

This conclusion and the continuing viability of section 507.100.1(3), subsequent to the adoption of Rule 52.13, is demonstrated by the unanimous opinion of the Missouri Supreme Court in *State ex rel. State Highway Commission v. Morganstein*, 588 S.W.2d 472 (Mo. banc 1979), in which the court held it was error to sustain a motion for substitution for a deceased party filed ten months after the first publication of letters testamentary. Noting that neither appellant nor respondent had cited Rule 52.13(a), the Supreme Court found no need to address the effect of this rule upon the order of substitution. Rather, the court based its reversal of the order solely upon the statutory limitation of § 507.100.1(3). *Id* at 478 n. 6. *See* also *North Port Development Co. v. Graff*, 763 S.W.2d 683 (Mo. App. 1988). Clearly, the Supreme Court would not predicate its decision upon a statute the court considered to be superseded by its own rule.

A statute or rule which imposes a time restriction upon the revival of an action abated by the death of a party through a motion for substitution is "in the nature of a statute of limitation". *Hartvedt v. Maurer*, 359 Mo. 16, 220 S.W.2d 55, 58 (1949). The motion to substitute filed by Mercantile Bank, undoubtedly out of fear its appeal might be dismissed leaving the judgment against it outstanding, 18 months after the first publication of letters of administration of the Estate of Van Willis Gardner, is barred by § 507.100.1(3). Because Gardner's death occurred after judgment and before appeal, the statute requires that the action be "dismissed as to the deceased party."

Accordingly, Mercantile Bank's Motion for Substitution is denied. The judgment of the trial court in favor of Van Willis Gardner and against Mercantile Bank of Memphis in the amount of $60,000 is ordered vacated and the cause is remanded to the trial court with directions to dismiss plaintiff's cause of action.

SATZ and SIMEONE, Senior Judge, concur.