**Jerry and Martha Ann HOLMES, Plaintiffs–Appellants,**

**v.**

**Harold ARBEITMAN, Defendant–Respondent.**

No. 62008.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Application to Transfer Denied Aug. 17, 1993.

Mark D. Pasewark, Virginia G. Pasewark, St. Louis, for plaintiffs-appellants.

Peter B. Hoffman, Robert E. Tucker, Kortenhof & Ely, P.C., St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiffs appeal from the action of the trial court in granting defendant's motion for directed verdict in plaintiffs' suit for money had and received. We dismiss the appeal.

Notice of appeal was filed on May 7, 1992. On August 18, 1992, counsel for the sole defendant filed in this court a suggestion of death of defendant on August 9, 1992. Notice of that suggestion of death was mailed to counsel for plaintiffs on that day. On October 2 this court wrote to counsel for the defendant requesting information on whether an estate had been

opened and a personal representative appointed. It was further suggested that if so a motion for substitution would be appropriate. Copy of that letter was sent to counsel for plaintiffs. On October 7 an attorney in Springfield, Illinois sent a letter to this court advising that the St. Louis County Circuit Court had granted letters testamentary on September 10 to Mark Rabin, whose address was listed and to First National Bank of Springfield whose address was also listed. The letter further advised that first publication of notice of granting letters testamentary had occurred on September 15 in the St. Louis Countian. Copy of that letter was sent to counsel for defendant but no copy is indicated to counsel for the plaintiffs. On December 28 the personal representatives, utilizing Arbeitman's attorneys, filed a motion for substitution to make the personal representatives the successors to Harold Arbeitman. That motion specifically stated that it was made "to permit the prosecution of this Appeal and by doing so Respondent does not waive its argument that Appellant has failed to comply with Rule 52.13(a)(1) of the Missouri Rules of Civil Procedure." On January 4, 1993, appellants filed their "Adoption of Motion for Substitution by Appellants, Jerry and Martha Ann Holmes" in which they sought the substitution of the Estate of Harold Arbeitman for Harold Arbeitman, and requested that the motion be allowed "out of time". On January 6, the Chief Judge granted the plaintiffs' motion to adopt. Respondent raises as the first point in the brief that the substitution was untimely and this court has no jurisdiction to proceed. We agree.

Rule 52.13(a)(1) provides:

If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitution may be made by any party or by the successor or representative of the deceased party. Such motion, together with notice of hearing shall be served upon the parties as provided in Rule 43.-01, and upon persons not parties in the manner provided for the service of a summons. *Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.*

Rule 52.13(a)(1). (Emphasis supplied).

█ Courts have jurisdiction to render judgments for or against viable entities only. A dead person is by definition not a viable entity. An appellate court decision issued after the death of a party to an appeal has no legal effect in the absence of a substitution of parties. *Gardner v. Mercantile Bank of Memphis,* 764 S.W.2d 166 (Mo.App.1989) [3–5]. The time limitations contained in the Rule are "in the nature of a statute of limitation". *Id.* at [6–8]; *Hartvedt v. Maurer,* 359 Mo. 16, 220 S.W.2d 55 (1949) [2]. Rule 52.13 is applicable to appellate proceedings. *Metropolitan St. Louis Sewer District v. Holloran,* 751 S.W.2d 749 (Mo. banc 1988) [l.c. 751]; *Gardner, supra.* Rule 44.01(b) authorizing enlargement of time for actions required by the Rules specifically provides that the court may not extend the time for taking any action under Rule 52.13. We lacked the authority therefore to allow the substitution after the 90 days from the suggestion of death and to the extent the order of January 6 purported to allow the out-of-time substitution it was beyond our jurisdiction. The 90 day limitation was clearly exceeded here. The service difficulty involved in the *Holloran* case is not present here.

Plaintiffs, relying upon federal cases typified by *Rende v. Kay,* 415 F.2d 983 (D.C.Cir.1969), assert that decedent's counsel lacked the standing to file the suggestion of death and that it was ineffective because it did not identify the representative of the estate who could be substituted for defendant. We note that the federal rules upon which the federal decisions are based differ from those of Missouri. See Rule 6 and 25 Fed.R.Civ.P. Notably the federal rules authorize extensions of time to comply with the substitution rule and in

**444**

that respect appear to be more lenient than the Missouri rules. Further the federal rules specify with particularity who may make the suggestion of death, limiting those persons to "any party or ... the successors or representatives of the deceased party ..." Our rule authorizes the suggestion of death to be made by "any party or person in interest". Because an attorney's representation of his client terminates upon the client's death, the attorney is not a successor or representative of the deceased party under the federal rules. But an attorney is a "person in interest" under the Missouri rule. The attorney is still listed as the representative of the client in the court records and until the suggestion of death is filed is held accountable by the court to meet court deadlines and represent the client. The attorney is a person with an interest in advising the court of the death of his client and the change in his status and obligations to the court. Further the practical reason for requiring the suggestion of death and the substitution is so the court may proceed with its business and not be held in a state of judicial impotence. *Gardner, supra* at [3–5]. The most logical person to advise the court of the death of the party is the attorney representing him. We are unable to conclude that the Rule is intended to preclude the suggestion of death being made by the most logical person to make it.

Plaintiffs' other contention is that the suggestion of death does not advise the court or the plaintiffs of the identity of the person to be substituted. This seemed to be a concern of the *Rende v. Kay* court. The short answer is that the rule does not require such information. Such suggestion may be made by "a statement of the fact of death". The representatives of the decedent here have no interest or incentive in the continuation of this appeal because the decedent won in the trial court. Plaintiffs have a great deal of interest and incentive for the appeal to continue. In an adversary system the burden of continuing the jurisdiction of the appellate court should rest upon the party whose interest is served by the continuation of the appeal process. We are not persuaded by the apparent belief of the *Rende v. Kay* court that the burden should be differently placed. The suggestion of death was filed on August 18 and by October 9 the file of this court contained the information necessary to make the substitution required. Plaintiffs' counsel was notified of our request for this information on or about October 3. Plaintiffs still had 38 days after October 9 to make the substitution and did not do so. This is not to suggest that absence of such information tolls the 90 day limitation but is mentioned only to demonstrate that no difficulty of obtaining information was involved here. The requirements of Rule 52.13 were not met and the rule directs that the action be dismissed.

Appeal is dismissed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.