**John BURGESS, Appellant,**

v.

**SIEGEL–ROBERT PLATING COMPANY, Respondent.**

No. 62823.

Missouri Court of Appeals,
Eastern District,
Division One.

June 15, 1993.

Murray Stone, St. Louis, for appellant.

Colleen Joern Vetter, Louis W. Riethmann, Jr., St. Louis, for respondent.

CRIST, Judge.

John W. Burgess, Claimant, filed a workers' compensation claim for injuries he allegedly suffered while employed by Siegel–Robert Plating Company, Employer. Hearings were held in February and March of 1990. In July of 1990, Claimant died. A suggestion of death was not filed. A motion for substitution of a party was not filed. No notice of Claimant's death was given, and the proceeding was not revived as required by § 287.580, RSMo 1986.

On April 29, 1991, an administrative law judge (ALJ) found Claimant suffered five percent permanent partial disability as the result of his injuries. Claimant's attorney petitioned the Labor and Industrial Relations Commission (Commission) for review. The Commission later found Claimant was not entitled to compensation and reversed the award. Appeal dismissed without prejudice.

The ALJ and the Commission entered their decisions for and against Claimant after Claimant had died. A tribunal is without jurisdiction to enter a judgment for or against a deceased person, and such entries were void. *Gardner v. Mercantile Bank of Memphis,* 764 S.W.2d 166, 168[3] (Mo.App.1989), *citing Metropolitan St. Louis Sewer Dist. v. Holloran,* 751 S.W.2d 749, 751 (Mo. banc 1988); *Haley v. City of Linn Creek,* 583 S.W.2d 590, 591[3] (Mo. App.1979). Since there was no final and appealable judgment, the appeal is premature and must be dismissed. *Haley,* 583 S.W.2d at 591[3].

The only suggestion of death filed in this case with this court by Employer's attorney on January 26, 1993. In addition, Claimant's attorney filed a motion for substitution of parties on March 2, 1993. Since the judgment from which the appeal was taken was not a valid final judgment, jurisdiction remains with the Division of Workers' Compensation. *See State v. Luten,* 561 S.W.2d 435, 437[2] (Mo.App.1978); § 512.020, RSMo (1986).

Appeal dismissed without prejudice.

AHRENS, P.J., and REINHARD, J., concur.