David ROWLAND, Petitioner/Appellant,

v.

Diane Lynn ROWLAND, Respondent/Respondent.

No. ED 82537.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 25, 2003.

Daniel Thomas Moore, John Michael Albright, Moore & Walsh L.L.P. Law Firm, Poplar Bluff, MO, for appellant.

Jeffrey Philip Dix, Jackson, MO, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

David Rowland (Appellant) appeals from a trial court judgment denying his motion to modify a decree of dissolution of marriage. We dismiss the appeal.

On June 6, 2003, the attorney for Diane Lynn Rowland (Respondent) filed a motion to dismiss the appeal as being moot because Respondent died on May 8, 2003. We considered the motion to dismiss as a Suggestion of Death of Respondent be-

**556**

cause, inasmuch as Respondent had died, Respondent's attorney did not have a client on whose behalf he could file a motion to dismiss. *See Holmes v. Arbeitman,* 857 S.W.2d 442, 444 (Mo.App. E.D.1993) (an attorney's representation of his or her client terminates upon the client's death).

■ Rule 52.13(a)(1)[1] provides:

If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitution may be made by any party or by the successor or representative of the deceased party. Such motion, together with notice of hearing shall be served upon the parties as provided in Rule 43.01, and upon persons not parties in the manner provided for the service of summons. *Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.*

(emphasis added).[2]

Appellant sought to reduce his child support obligation, and the trial court denied this request. If Appellant were to prevail on appeal, either his obligation to Respondent's estate would be reduced or he would be entitled to a credit for which he could seek reimbursement from Respondent's estate. Thus, because Appellant's claim has not been extinguished, substitution for the Respondent would be proper.

In *Holmes,* we held that even though a respondent dies, and thus the respondent's attorney no longer has a client, the respondent's attorney is a proper person to file a

suggestion of death to commence the 90–day period specified in Rule 52.13(a). *Id.* at 444. Consequently, we issued an order notifying the parties that if a proper motion for substitution was not filed within 90 days after the Suggestion of Death was filed, the appeal would be dismissed. More than 90 days have elapsed since the Suggestion of Death was filed, and no motion for substitution has been filed.

■ Courts have jurisdiction to render judgments for or against viable entities only. *Holmes,* 857 S.W.2d at 443. A dead person is by definition not a viable entity. *Id.* An appellate court decision issued after the death of a party to an appeal has no legal effect in the absence of a substitution of parties. *Id.* The time limitations contained in Rule 52.13 are in the nature of a statute of limitation, and the rule is applicable to appellate proceedings. *Id.* The requirements of Rule 52.13 have not been met, and as such, the rule directs the action to be dismissed.

Because no motion for substitution was filed within 90 days after the Suggestion of Death was filed, we dismiss the appeal for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

2. We note that Rule 44.01(b) specifically prohibits the court from extending the time for taking any action under Rule 52.13.