

# In the Missouri Court of Appeals
# Eastern District

## <u>DIVISION THREE</u>

| | | |
|---|---|---|
| CAROLYN NORTHUP, | ) | No. ED111942 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| BRADLEY J. BAKULA, PERSONAL | ) | Honorable Amanda B. McNelley |
| REPRESENTATIVE OF THE ESTATE OF | ) | |
| BYRLE NORTHUP, | ) | |
| | ) | |
| Appellant. | ) | Filed: November 19, 2024 |

## Introduction

Bradley J. Bakula, Personal Representative of the Estate of Byrle Northup ("Husband"),

appeals the circuit court's judgment dissolving his marriage to Carolyn Northup ("Wife").[1]

---

[1] Husband died on April 12, 2024, while this appeal was pending. Husband's counsel filed suggestions of death with this Court on May 29, 2024. *See Rowland v. Rowland*, 121 S.W.3d 555, 556 (Mo. App. E.D. 2003) (stating even though an attorney's representation terminates when a client dies, the client's attorney "is a proper person to file a suggestion of death to commence the 90-day period" to trigger a motion for substitution "as specified in Rule 52.13."). "Generally, jurisdiction abates in a marriage dissolution action when one of the parties dies while the case is pending." *Simpson v. Strong*, 234 S.W.3d 567, 574 (Mo. App. W.D. 2007) (citing *Linzenni v. Hoffman*, 937 S.W.3d 723, 726 (Mo. banc 1997)). Abatement does not apply when the circuit court orders the marriage dissolved before "the death of a party, even though the order may be partial, interlocutory, or not a final judgment resolving all issues in the case." *Id*. at 574–75 (quoting *Linzenni*, 937 S.W.3d at 726). Because the circuit court entered a final judgment dissolving the marriage before Husband died, this appeal did not abate upon Husband's death. *Id*. Rule 52.13(a)(1) provides, "If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties." Because Husband's claim has not been extinguished, substitution for Husband would be proper. "A motion for substitution may be made by any party or by the successor or representative of the deceased party." *Id*. On August 8, 2024, Husband's counsel moved to substitute himself as Husband's personal representative and substitute Husband's estate as the appellant. Because the substitution motion was filed within 90 days of the suggestion of death, this Court has jurisdiction to hear Husband's appeal. *See* Rule 52.13(a)(1) (stating "[u]nless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.").

Husband raises three points on appeal. In his first point, Husband argues the circuit court erred in overruling his temporary maintenance motion. In his second point, raised in the alternative to his first point, Husband claims the circuit court erred in characterizing his nursing home costs as a marital debt and allocating the entire debt to him. In his third point, Husband alleges the circuit court abused its discretion when it overruled his motion for attorney's fees on account, pendente lite, and at trial.

This Court dismisses Husband's brief for failure to comply with Missouri Supreme Court Rule 84.04's appellate briefing requirements. Husband's motion for attorney's fees taken with the case is denied. Husband's appeal is dismissed.

## Factual and Procedural History

Husband and Wife married on April 5, 2008. Husband's health began to decline "very soon" after the parties married. Husband endured hip and back pain, cardiac complications, and was diagnosed with Alzheimer's disease in 2015. Wife cared for Husband until he was hospitalized in December 2020. Husband stayed at two nursing facilities until April 2021, when he was admitted to Schuyler County Nursing Home ("Schuyler").

In February 2022, Wife sought to dissolve the marriage.[2] Husband filed a cross-petition for dissolution in May 2022, alleging he was incompetent, Son had been appointed his legal guardian before filing the petition, and he was incapable of supporting himself or paying attorney's fees due to his disability. Husband subsequently moved for temporary maintenance, attorney's

---

[2] There is no dispute Husband was incompetent when Wife filed for dissolution, when Husband filed his counter-petition for dissolution, and when the circuit court entered its dissolution judgment. Yet, Husband's son, S.N. ("Son"), who was appointed Husband's legal guardian, was never substituted as a party in the dissolution action under Rule 52.13(b), which permits an "action to be continued by or against the party's representative" when the named party becomes incompetent. Although Son was not substituted as a party, he secured counsel for Husband to protect Husband's interests and signed pleadings on Husband's behalf. *See* Rule 52.02(m) (stating the proceedings "shall not [be] invalidate[d]" "if the court finds that the interests of the … mentally or physically infirm person were adequately protected.").

fees, and costs pendente lite ("PDL motion"), alleging he was incompetent and he was without adequate means to support himself, employ counsel, or pay costs during the pendency of the suit. The hearing on Husband's PDL motion was continued because Wife encountered health issues preventing her appearance for a hearing. The parties consented to submit the issue on the records, which included several depositions, nursing home records, and discovery. Because the circuit court did not rule on the PDL motion before trial, it was taken with the case.

After trial, the circuit court entered its written judgment dissolving the marriage and incorporated an exhibit dividing the property, allocating marital debt, and making determinations about maintenance and attorney's fees. The circuit court stated after considering the statutory factors, Husband was not entitled to temporary or permanent maintenance. The circuit court found the parties possessed no marital property and awarded each party his or her separate property. The judgment stated, "[Husband] is awarded his separate property and marital debt as follows . . . [d]ebt owed to Schuyler . . . in the sum of $43,589.89[.]" The circuit court ordered each party to pay their own attorney's fees. Finally, the circuit court overruled Husband's PDL motion. This appeal follows.

**Discussion**

"Although our preference is to decide cases on their merits, deficient briefs hinder our ability to review the merits of the issues raised." *Jones v. Impact Agape Ministries*, 693 S.W.3d 122, 126 (Mo. App. E.D. 2023). "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Rule 84.04's requirements are mandatory." *Id*. (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)). "Rule 84.04 is not designed to hamstring appellants with hyper-technicalities." *Parkside Fin. Bank & Tr. v. Allen*, 688 S.W.3d 83, 87 (Mo. App. E.D. 2024).

3

"Compliance with Rule 84.04 is essential to ensure that this Court retains its role as a neutral arbiter and avoids becoming an advocate for any party." *Jones*, 693 S.W.3d at 126 (quoting *Hutchison v. Dep't of Soc. Servs., Fam. Support Div.*, 656 S.W.3d 37, 40 (Mo. App. E.D. 2022)).

"Central to the formation of a brief are an appellant's points relied on." *Lexow*, 643 S.W.3d at 505. Rule 84.04(d)(1) requires "a point on appeal shall: (A) identify the challenged ruling or action; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Kruse v. Karlen*, 692 S.W.3d 43, 48 (Mo. App. E.D. 2024). "The function of [points relied on] is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id*. (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).

Rule 84.04(d) "requires separate points to challenge separate rulings or actions." *Lexow*, 643 S.W.3d at 505–06. "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id*. "Consolidating 'multiple, independent claims' into a point is not permitted." *Id*. at 506 (quoting *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)). "Points relied on that do not comply with Rule 84.04(d) are grounds for dismissal." *Parkside Financial*, 688 S.W.3d at 88.

Although Wife did not move to dismiss Husband's appeal for Rule 84.04 violations, she points out Husband's points relied on are multifarious and preserve nothing for appeal. This Court agrees. Husband's first point relied on states:

> The trial court erred and abused its discretion by denying [Husband's] motion for temporary maintenance, pendente lite, since said denial was against the weight of the evidence and erroneously applied the law since [Wife] had supported [Husband] durin ge [sic] the eighteen year marriage, had paid for his standard of living,

[Husband] suffered from Altzheirmer's [sic] and had no ability to support himself, [Wife] had [Husband] admitted to a nursing home for which she paid until she filed for divorce, [Wife] had the ability to pay for the nursing home, the cost of which represented [Husband's] reasonable needs, [Husband] had no ability to pay for the nursing home nor his reasonable needs, other than partially with his Social Security, and the court should not have considered any marital misconduct to justify denying temporary maintenance under the circumsances [sic].

Husband's second point relied on states:

In the alternative to Point Relied On I, the trial court erred by characterizing the cost of the nursing home, incurred by [Wife], as a marital debt and allocating said debt to [Husband] since said debt represented one hundred percent of the marital debts, which is inequitable, where the trial court knew [Husband] had no ability to pay and had no assets awarded to him with which to pay and knew that [Wife] had over $1,500,000 in assets from which to pay the debt, [Wife] did not list said cost as a debt in her amended statement of property and using marital misconduct as an excuse to disproportionately divide property and debt is an abuse of discretion and against the weight of the evidence and erroneously applies the law as a result thereof.

Husband's third point relied on states:

The trial court erred by failing to award to [Husband] his attorneys fees incurred on account, PDL, and at trial on the merits, since [Wife] caused [Husband] to incur these fees, by failing to timely answer discovery, by failing to appear for the PDL hearing due to an injury, thereby causing the cost of the depositions to be taken to submit to the court, and because the trial court knew [Husband] had no ability to pay his attorneys fees and knew that [Wife] had over $1,500,000 in assets from which to pay or at least contribute to [Husband's] attorneys fees and any consideration of marital misconduct in connection with the request for attorney's fees, pendente lite, was not allowed and thus such determination was an abuse of discretion and erroneously applied the law as a result thereof.

All three of Husband's multifarious points relied on violate Rule 84.04(d) because they "group together multiple, independent claims rather than a single claim of error[.]" *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019) (quoting *Kirk*, 520 S.W.3d at 450 n.3). Husband's first point alleges the circuit court erred in denying temporary maintenance because the ruling was against the weight of the evidence, erroneously applied the law, and constituted an abuse of discretion for several legal reasons. Husband's second point alleges the circuit court erred in

5

characterizing his nursing home cost as marital debt and allocating the entire debt to him because the ruling was against the weight of the evidence, erroneously applied the law, and constituted an abuse of discretion for several legal reasons. Husband's third point alleges the circuit court erred in denying his request for attorney's fees because the ruling was an abuse of discretion and erroneously applied the law for several legal reasons. Because "[a] judgment can be against the weight of the evidence while not erroneously applying the law, and vice versa…[t]hese claims are separate and distinct inquiries, each requiring its own discrete legal analysis." *Id*. at 869–70 (internal citation omitted). Husband's "[m]ultifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Id*. at 869 (quoting *Bowers v. Bowers*, 543 S.W.3d 608, 615 n.9 (Mo. banc 2018)).

"Beyond defective points relied on, about which this Court is most concerned, [Husband]'s briefing violates Rule 84.04 in other aspects." *Lexow*, 643 S.W.3d at 508. First, Rule 84.04(e) requires "[t]he argument shall substantially follow the order of the 'Points Relied On'" and "shall be limited to those errors included in [those points]." Husband's brief violates this requirement because each argument section contains additional legal arguments not articulated in the multifarious points relied on. Husband also fails to develop some claims in his points relied on in the argument section or support the claims with legal authority explaining the significance of the alleged omission. *See Brummett v. Burberry Ltd.*, 597 S.W.3d 295, 308–09 (Mo. App. W.D. 2019) (finding the appellant's "failure to develop any argument regarding the legal relevance" of a claim "waive[d] the claim of error to this effect raised in [the] point on appeal.").

Second, "Rule 84.04(e) states "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Here, Husband's brief fails to state whether

6

or how any of his claims are preserved. "The standard of review is an essential portion of all appellate arguments; it outlines this [C]ourt's role in disposing of the matter before us." *In re Marriage of Erickson*, 419 S.W.3d 836, 845 (Mo. App. S.D. 2013) (quoting *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008)). "While this omission and briefing deficiency, viewed in isolation, may not be fatal to … review … claims of error, it nevertheless pave[s] the way … for [an appellant] to construct [his] entire brief unanchored and unmoored to the applicable standard of review, and most importantly, unrestrained by it." *Interest of R.R.S.*, 573 S.W.3d 717, 725 (Mo. App. S.D. 2019). "While it would be easy enough for this [C]ourt to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." *Titus v. Dunavant*, 692 S.W.3d 434, 438 (Mo. App. S.D. 2024). Hence, failure to state the applicable standard of review violates Rule 84.04(e) and justifies dismissal. *Id*. Husband's first and third points contain no reference to the standard of review while his second point indirectly refers to a possible standard of review in subparagraph (d) of his argument.

Finally, Rule 84.04(e) requires "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal …. If the citation is to the system-generated legal file, it shall include the system-generated appeal document number and page number (e.g., D6 p. 7)." Husband's factual assertions do not follow this format; rather, Husband merely refers this Court back to his statement of facts in the brief. *See Lexow*, 643 S.W.3d at 509 (finding the appellant's brief violated Rule 84.04(e) when stating in the argument section, "As indicated in the Statement of Facts ..." and omitting specific citation to the record to support the factual assertions contained therein).

When considering Husband's briefing deficiencies, "[r]eaching the merits would require considerable advocacy on our part and would thereby increase the likelihood of reaching the wrong

decision and generating questionable precedent." *Titus*, 692 S.W.3d at 438 (quoting *Waller*, 251 S.W.3d at 407). "When briefing deficiencies materially impede impartial appellate review, dismissal of the appeal is required." *Sprueill v. Lott*, 676 S.W.3d 472, 475 (Mo. App. S.D. 2023). This Court would have to assume the role of advocate to address the merits of Husband's points, by deciphering his multifarious points relied on, determining the appropriate standard of review, researching legal authority for his arguments, and searching for factual support in the record. This Court lacks the authority to take such actions.

### Conclusion

Husband's appeal is dismissed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Renée Hardin-Tammons, J. concur.

8