MARGUARD, Respondent, v. RIETER, Appellant.

1. A. brought an action for assault and battery against B. B. demurred to the petition. The demurrer was overruled, a default taken, and an assessment of damages had and judgment rendered therefor. B. moved the court to set aside the judgment on the ground that plaintiff's counsel had taken judgment by default in violation of an agreement entered into by him with defendant's counsel not to take action in the cause during the temporary absence of the latter. This motion was overruled. The defendant appealed to the supreme court. Pending this appeal the plaintiff died and his administrator was substituted. *Held,* that under such circumstances, the supreme court would not reverse, as a reversal would be equivalent to a dismissal of the suit.

### *Appeal from St. Louis Circuit Court.*

This was an action for an assault and battery. The defendant demurred to the petition. The demurrer was overruled, and a judgment by default rendered against defendant, and an assessment of damages was had. The defendant moved the court to set aside the judgment and grant a new trial. The ground of this motion, as appeared from the accompanying affidavits, was that the plaintiff's counsel agreed during the pendency of the demurrer that he would let the matter rest and take no action therein during the temporary absence from the city of the counsel for the defendant. This agreement, it is alleged, was violated. The court overruled the motion. The defendant appealed to the supreme court. During the pendency of the appeal in the supreme court the plaintiff died, and his administrator was substituted as plaintiff.

*Gibson,* for appellant.

I. This was not a case of neglect, inattention or want of diligence on the part of defendant. The defendant's counsel was misled and deceived by the agreement entered into, which was broken and not kept. This was the sole cause of the non-appearance of defendant. It would be gross injustice, under such circumstances, to require defendant to pay

the exorbitant verdict rendered.   The verdict was excessive and exorbitant, and grossly unjust ; it was a mere *ex parte* assessment.

*A. M. & S. H. Gardner*, for respondent.

I. The motion was properly overruled.   Defendants failed ·to exercise diligence in prosecuting their defence.   The motion was not filed within the time prescribed by statute. Final judgment was rendered March 19, and the motion was not filed until April 3.   (R. C. 1855, p. 1286, § 6.)   The respondent is dead ; the suit will abate if the judgment is reversed.

NAPTON, Judge, delivered the opinion of the court.

We have not been able to perceive in the record any reason for refusing the defendant a trial in this case by the circuit court, but it is obvious that we can not remedy the injustice, if any has been done.   Since the rendition of the judgment the plaintiff has died, and to set aside the judgment now is of course equivalent to a dismissal of the suit.

Judgment affirmed.