A. WOEHRLIN, Appellant, *v.* C. SCHAFFER, Respondent.

### April 21, 1885.

ABATEMENT—DEATH PENDING APPEAL.—In an action for personal injuries, wherein the judgment is for the defendant, the death of the plaintiff pending his appeal, abates the action.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Appeal dismissed.*
McGAMAN & LEAHEY, for the appellant.
B. SCHNURMACHER, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

We are precluded from examining the merits of this appeal, by the fact that the action is one for injuries to the person of the plaintiff, and that during the pendency of the appeal the plaintiff appellant died.

It is conceded that the action does not survive.—Rev. Stat., sect. 97. A brief however is filed by counsel claiming to represent appellant, asking us to review the action of the lower court notwithstanding, because the appeal is taken solely for the purpose of determining whether the judgment of the trial court should be affirmed, reversed, or modified.

In *Lewis, Adm'r, v. St. Louis & S. M. R. R. Co.* (59

Mo. 495), which case we presume counsel had in view in making this point, a judgment was recovered in the trial court in the lifetime of the party injured. From the judgment thus rendered an appeal was prosecuted by defendant, and plaintiff's administrator substituted in the appellate court. It was held that by the recovery of a judgment in the life time of the intestate, the claim for personal injuries was merged in the judgment, and became a debt with which the personal representative was chargeable, and that therefore the personal representative was properly substituted. The facts here are wholly different. The judgment of the trial court was for defendant, and the claim at the date of the death of the party injured was a simple claim and no more. With his death that claim necessarily died, and no one can represent him in this court in regard thereto. The administrator, if any such there be, has no interest in the controversy. No substitution has been made in this court, and in fact no substitution can be made.

It results from the foregoing that the only disposition we can make herein is to dismiss the appeal. It is so ordered. All the judges concur.