Jessie **BRADLEY**, Martha Green, Carl Dunlap, Clifford Dunlap, Lester Dunlap, Joseph W. Dunlap, Ruby Graves, Violet Beckett, Leona Smith Busby, Georgia Faye Lawson, Hilma Roderick, Zelda Jergensmeyer, Thomas I. Dunlap, Daniel M. Dunlap, Velma R. Eilers, Stella J. Hawkins, Jeanie B. Haile, Benjamin F. Meadows, Tim Meadows, Harry Meadows, Charles E. Meadows, Jackie Clubb Foster, Virginia Bryant, James L. Dunlap, Susan Koch, Joseph F. Dunlap, Chester Dunlap, Jr., Richard Dunlap, Robert Dunlap, and Mike Dunlap, and Rachel Mahurin and Norma Vines, and Unknown and Minor Heirs of Leona Inman, Deceased, Relators,

v.

The Honorable Charles A. **WEBER**, Special Judge, Respondent.

No. 47067.

Missouri Court of Appeals, Eastern District, Division One.

July 12, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1983.

Application to Transfer Denied Oct. 18, 1983.

William G. Reeves, Farmington, for plaintiffs Jessie Bradley, et al.

David L. Colson, Farmington, for plaintiffs Rachel Mahurin & Norma Vines.

Edward M. Pultz, Farmington, for Unknown & Minor Heirs of Leona Inman, Deceased.

Eric C. Harris, Flat River, for respondent.

## ORIGINAL WRIT OF PROHIBITION

SNYDER, Judge.

This is prohibition in which relators' request this court to find respondent judge lacks jurisdiction to deny their motion to dismiss plaintiff's first amended petition for failure to substitute a party plaintiff within 90 days of the filing of the suggestion of death of the original plaintiff under Rule 52.13(a)(1). A preliminary writ in prohibition was issued by the court on April 18, 1983. The preliminary writ is now made absolute.

The underlying action is a proceeding under the will contest statute, § 473.083 RSMo.1978, captioned Doris N. Giffin, plaintiff, vs. Jessie Bradley, et al., defendants, St. Francois County Circuit Court number CV579–325CC.

Plaintiff filed her first amended petition to establish a lost will on October 3, 1981. Defendants (relators) filed their motion to dismiss on November 10, 1981. The motion to dismiss was set for hearing on July 8, 1982. The motion was argued and relators were allowed fifteen days to file a memorandum in support of their motion to dismiss and plaintiff allowed fifteen additional days to reply. Relators filed their memorandum on July 12, 1982. None was filed by plaintiff.

In the meanwhile, sole plaintiff Doris N. Giffin had died. A suggestion of her death was filed by counsel for relators on July 8, 1982.

Relators filed their motion to dismiss for failure to substitute a party plaintiff on October 26, 1982. On October 29, 1982, the personal representative of the deceased plaintiff filed her motion and notice to substitute party plaintiff.

On March 10, 1983 all pending motions were argued and respondent judge indicated that he would overrule all of relators' motions and order a substitution in accordance with the motion to substitute parties.

The parties agree that Rule 52.13(a)(1) is applicable. The rule mandates dismissal without prejudice as to the deceased party unless a motion for substitution is served

within 90 days after a suggestion of death is filed. Plaintiff's motion was filed on October 29, 1982, 113 days after the suggestion of death was filed on July 8, 1982.

Respondent bases his argument that the preliminary writ should be quashed on two separate portions of the record in his court. He states first that there was an oral motion made on July 8, 1982, and that the written motion of October 29, 1982 relates back to the oral motion. The only thing in the record to support this argument is the docket sheet memorandum made pursuant to the hearing on July 8, 1982 which says in part: "Upon suggestion of death, plaintiff granted fifteen days to file appropriate motions for substitution of parties and to add parties."

Respondent also argues that certain language in a memorandum in support of their motion to dismiss which was *filed by relators* constitutes a motion for substitution of parties. The language is:

"The issue has arisen as to whether plaintiff should be allowed to substitute another person as party plaintiff."

"Plaintiff's counsel argues that Doris Giffin's interest under the will is a vested interest thereby entitling him to substitute her personal representative as party plaintiff."

Neither the docket sheet entry or the language in relators' memorandum in support of the motion to dismiss could be construed as a motion for substitution of parties.

Nothing in the docket sheet entry could be interpreted to mean that a motion had been filed, only that leave had been granted to file such a motion within fifteen days, which was never done.

Respondent here seeks to rely on language in, not plaintiff's memorandum, but opponent relators' memorandum, as a motion to substitute. The first paragraph of the memorandum quoted above says merely that there is a question whether a substitution should be allowed. The second paragraph quoted above contains only a statement of plaintiff's counsel's argument that,

because there is a vested interest under the will, counsel is entitled to substitute Doris Giffin's personal representative as party plaintiff. There is no request to the court. There is no language to the effect that counsel moves for any type of relief. It would be a strange and curious ruling to find that a party's opponent, by language in a memorandum, submitted a motion to the court on behalf of their opposing party by the language quoted above. Notice to opposing counsel that a motion might be filed is not enough.

It is true that the primary argument at the hearing on the motion to dismiss on July 8, 1982 concerned whether plaintiff Doris Giffin had a vested interest so that her cause of action survived her death. Apparently both parties considered this the key question at that time. Nonetheless, and in spite of the fact that respondent wishes now to have this court uphold his contention that an oral motion was made on July 8, 1982, this court must rule that respondent be prohibited from permitting the substitution of a party plaintiff.

It is true that the dismissal without prejudice in this case amounts to a dismissal with prejudice because the six months statute of limitations has run with respect to the claim of Doris Giffin, § 473.083 RSMo. 1978. This court is fully aware of that, and has searched the record in vain for some support for a contrary ruling. There is none. The facts before the court permit no course of action except to make the writ absolute.

Respondent is permanently prohibited from granting the motion to substitute party plaintiff filed by the plaintiff in the underlying action and from denying relators' motion to dismiss for failure to substitute party plaintiff.

SATZ, P.J., and DOWD, J., concur.