STATE of Missouri and Vickie Ann
McCulley, Next Friend of Myesha
McCulley, Respondents,

v.

Charles Raymond REESE, Appellant.

No. 77863.

Supreme Court of Missouri,
En Banc.

Jan. 23, 1996.

John P. Dickery, Jr., Marga S. Richmond, St. Louis, for McCulley.

Bruce Eastman, Florissant, for Reese.

BENTON, Judge.

Vickie Ann McCulley sued Raymond Reese and Henry McCulley to declare paternity and order support of Myesha McCulley. Blood tests implicated Reese as the father (99.86% probability). The circuit court entered judgment against Reese, who appealed. On March 28, 1995, the court of appeals, on its own motion, transferred the case to this Court. *Mo. Const. Art. V, § 10.* On April 17, Reese died. On May 19, Reese's attorney of record filed a Suggestion of Death. No personal representative has been appointed, and no substitution for Reese has occurred. Appeal dismissed.

I.

Rule 52.13(a)(1) [1] provides:

1. Unless otherwise indicated, all references are to *Missouri Rules of Court 1995.*

If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties.... Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

Rule 52.13(a)(1) applies to civil actions in appellate courts. *Rule 41.01(a)(1).*

An action for past support and declaration of paternity survives the death of the alleged father. *N.R. v. R.J.D.*, 588 S.W.2d 76, 78 (Mo.App.1979); *Reed v. Liszewski*, 873 S.W.2d 942, 943 (Mo.App.1994). Although the cause survives death, this Court has no power to issue an opinion on the merits without substitution for a deceased party. *Metropolitan St. Louis Sewer District v. Holloran*, 751 S.W.2d 749, 751 (Mo. banc 1988); *Holmes v. Arbeitman*, 857 S.W.2d 442, 443 (Mo.App.1993). The plain language of Rule 52.13(a)(1) requires dismissal unless such a motion is served within 90 days after the filing of a suggestion of death. *Holmes*, 857 S.W.2d at 443; *Clark v. Fitzpatrick*, 801 S.W.2d 426, 429 (Mo.App.1990); *Earls v. King*, 785 S.W.2d 741, 742–743 (Mo.App. 1990); *Shine v. Southwestern Bell Telephone Co.*, 737 S.W.2d 203, 204 (Mo.App.1987); *Bradley v. Weber*, 657 S.W.2d 286, 287–288 (Mo.App.1983); *Jamison v. Jamison*, 592 S.W.2d 181, 184 (Mo.App.1979); cf. *Wormington v. City of Monett*, 356 Mo. 875, 204 S.W.2d 264, 266–267 (1947). Eight months after the suggestion of death in this case, the parties have not attempted any substitution. This appeal must be dismissed in accordance with Rule 52.13(a)(1).

## A.

All the interested parties flatly contend that Rule 52.13(a)(1) does not govern this case. Rather, they invoke § 507.100.1(3) RSMo 1994:

[I]f death occurs after appeal and before final determination thereof and substitution or motion therefor is not made in the appellate court where the appeal is pending within nine months after the first published notice of letters testamentary or of

administration, the appeal shall be dismissed as to the deceased party.

"This Court has the power to make procedural rules governing all legal matters subject only to the limitations of federal law and the Missouri Constitution." *Berdella v. Pender*, 821 S.W.2d 846, 850 (Mo. banc 1991). The Constitution grants this Court power to "establish rules relating to practice, procedure and pleading for all courts ... which shall have the force and effect of law...." *Mo. Const., Art. V, § 5.* This Court's rules may not "change substantive rights, or ... the right of appeal." *Id.* "Supreme Court rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose." *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. banc 1993).

Rule 52.13(a)(1) is procedural. "Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit." *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27, 28 (Mo. banc 1988). Rule 52.13(a)(1) does not "change" the right of appeal, but prescribes the method to carry on the suit. Because Rule 52.13(a)(1) is procedural, it controls this case unless specifically annulled or amended by the legislature.

The General Assembly has not passed a law limited to the purpose of annulling or amending Rule 52.13. *See* 1983 Mo.Laws 895–896. Strikingly, from 1962 to 1972, the predecessor to Rule 52.13(a) mirrored the statute in its deadline: nine months after the first published notice of letters testamentary or of administration. *Compare Missouri Rules of Court 1962*, 52.12(c) *and § 507.100.1 RSMo 1959*. In 1972, this Court changed the rule, requiring the motion for substitution within 90 days after a suggestion of death. *Missouri Rules of Court 1973*, 52.13(a). Where the period in Rule 52.13(a)(1) expires without a motion for substitution,

§ 507.100.1(3) does not extend the *period for substitution.*[2]

### B.

Appellant's attorney of record objects, citing this Court's prior decisions interpreting Rule 52.13(a)(1). *Metropolitan St. Louis Sewer District v. Holloran,* 751 S.W.2d 749, 750 (Mo. banc 1988), is distinguishable. There, a personal representative was appointed and did file for substitution 98 days after the suggestion of death and before the appellate court ruled the motion to dismiss. Here, *eight months* after the suggestion of death, no personal representative has filed for substitution.

Appellant's attorney of record also cites *State ex rel. State Highway Commission v. Morganstein,* 588 S.W.2d 472 (Mo. banc 1979). This Court in *Morganstein,* noting that neither party addressed Rule 52.13(a), declined to discuss the issue. *Id.* at 478 n. 6. Thus, *Morganstein* is not precedent on Rule 52.13(a).

### II.

Appeal dismissed.

HOLSTEIN, C.J., PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and COPE, Special Judge, concur.

WHITE, J., not participating because not a member of the Court when case was submitted.

---

**2.** This Court need not here decide whether § 507.100.1(3) requires dismissal when its time period expires first (*e.g.,* no suggestion of death is ever filed, the § 507.100.1(3) period expires be-

---

fore the Rule 52.13(a)(1) period expires). *See Gardner v. Mercantile Bank of Memphis,* 764 S.W.2d 166, 169 (Mo.App.1989).