**Kurt Bradley KNIGHT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 56187.

Missouri Court of Appeals,
Western District.

Feb. 23, 1999.

---

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Kurt Bradley Knight appeals the circuit court's judgment dismissing his motion for relief from his capital murder conviction. The circuit court dismissed his motion because he filed it beyond the 90–day deadline set by Rule 24.035. He appeals on the ground that he filed his motion pursuant to § 547.360, RSMo Supp.1997, and applying the 90–day deadline in that statute to him violates his due process rights because the General Assembly enacted the statute more than 90 days after authorities placed him in the Department of Corrections' custody. We affirm the circuit court's judgment.

After Knight pleaded guilty on February 19, 1982, authorities delivered him to the Department of Corrections' custody on February 23, 1982. Nearly 16 years later, Knight filed his motion on January 3, 1998, asking for relief from his conviction.

He asserts that he filed his motion by virtue of rights afforded him by the General Assembly in § 547.360.[1] When officers delivered Knight to the Department of Corrections' custody, the Supreme Court had adopted Rule 27.26 (since replaced by Rule 24.035). This rule stated in subsection (a) that it was "the exclusive procedure which shall be followed when a prisoner in custody seeks relief on the basis of any of the attacks on a sentence enumerated [in the rule]." Rule 27.26 did not set a deadline for seeking postconviction relief.

In 1988, however, the Supreme Court replaced Rule 27.26 with Rule 24.035(a). Rule 24.035 declared in subsection (a) that it was "the exclusive procedure by which [a person convicted of a felony on a plea of guilty] may seek relief in the sentencing court for the claims enumerated [in the rule]." In subsection (b), the new rule required that a person seeking relief file his motion "within ninety days after [he] is delivered to the custody of the department of corrections."

When the new rule went into effect, Knight had already been in prison for more than 90 days. Rule 24.035(m) contemplated Knight's situation, however, and provided that the new rule would apply only to "proceedings wherein sentence [was] pronounced on or after January 1, 1988." In cases in which sentence had been imposed before January 1, 1988, and a prisoner had not filed a motion seeking postconviction relief, the rule set a deadline of June 30, 1988, for the filing of a motion. The Supreme Court declared in *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), that the June 30, 1988, deadline was lawful and mandatory.

Knight, of course, missed the June 30, 1988, deadline. He seeks to avoid the dead-

1. Section 547.360.1 says, "A person convicted of a felony on a plea of guilty ... and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this section. This section provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure to be followed for motions filed pursuant to this section is governed by the rules of civil procedure insofar as applicable."

line by asserting his rights under § 547.360. His point is void of merit. Although the General Assembly said in § 547.360.1 that the statute was "the exclusive procedure" for obtaining postconviction relief, Rule 24.035 also declares that it provides "the exclusive procedure."

The true "exclusive procedure" is Rule 24.035. This is mandated by Article V, § 5, of Missouri's constitution which authorizes the Supreme Court to establish "rules relating to practice, procedure and pleading" and that these rules would have "the force and effect of law." The constitutional provision permits the General Assembly to annul or to amend any Supreme Court rule pertaining to practice, procedure or pleading if it enacts "a law limited to the purpose." This means that the deadline set out in Rule 24.035, a rule of practice, procedure and pleading, superseded § 547.360 unless the General Assembly, in that statute, specifically annulled or amended Rule 24.035. *State v. Reese*, 920 S.W.2d 94, 95 (Mo. banc 1996). The General Assembly did not express any intention in § 547.360 to amend or to annul Rule 24.035, so Rule 24.035's deadline prevails. See *Schleeper v. State*, 982 S.W.2d 252, 254 (Mo. banc 1998).

Knight's point is without any merit. We affirm the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.

