Phoebe GILLESPIE, Personal Representative of the Estate of Eleanor E. Duggan, Appellant,

v.

Margaret A. RICE, M.D., Respondent.

No. WD 65751.

Missouri Court of Appeals,
Western District.

Dec. 26, 2006.

William H. Pickett and Mark E. Meyer, Kansas City, for Appellant.

Charles H. Stitt, J. Michael Shaffer and Craig A. Grimes, Kansas City, for Respondent.

Before HOWARD, C.J., and BRECKENRIDGE and NEWTON, JJ.

VICTOR C. HOWARD, Chief Judge.

After trial, at which plaintiff alleged negligent failure to warn, the jury found defendant-doctor, Margaret Rice, not liable. In the current appeal, plaintiff-appellant Phoebe Gillespie, substitute for the deceased patient Eleanor Duggan, claims that the trial court committed multiple

prejudicial errors. She alleges that the trial court allowed improper lines of questioning, Dr. Rice was non-responsive when she testified, Dr. Rice's counsel made improper arguments, and that the judge erroneously forbade her counsel from making objections during closing arguments.

Dr. Rice referred Eleanor Duggan, her patient, to a gastroenterologist for a colonoscopy without warning her about the risks associated with the procedure. During the colonoscopy, the gastroenterologist, Dr. Ivan Elias, perforated Duggan's colon.[1] The petition alleges Dr. Rice breached a duty to Duggan by not informing Duggan of the increased risk due to her prior medical history, and such breach was a direct and proximate cause of her injury. The jury returned a verdict in favor of Dr. Rice.

Duggan filed a notice of appeal on July 21, 2005. While the appeal was pending, Eleanor Duggan died and on September 13, 2005, Phoebe Gillespie, her sister and estate's executrix, filed a suggestion of death. On September 15, 2005, Chief Judge Edwin Smith acknowledged the filing and entered an order staying the appeal until a motion for substitution was filed or ninety days from the filing of the suggestion of death, whichever occurred first. On December 14, 2005, Staff Counsel for this court faxed a letter to Gillespie's counsel stating that a motion for substitution had not been filed within ninety days after the filing of the suggestion of death requiring that the appeal be dismissed pursuant to Rule 52.13(a)(1). Counsel was given time to file suggestions as to why the appeal should not be dismissed. After receiving the fax, Gillespie filed a motion to substitute herself on December 14, 2005, and the next day filed

suggestions in opposition to dismissal of the appeal claiming excusable neglect.

Before we can reach the merits of Gillespie's argument, we must determine if we have power to hear the appeal despite the late filing of the motion for substitution. When a party dies, a motion for substitution must be served within ninety days of the filing of a suggestion of death or "the action shall be dismissed as to the deceased party without prejudice." See Rule 52.13(a)(1).[2] This rule is equally as applicable to the courts of appeal as it is to the trial courts. *Holmes v. Arbeitman*, 857 S.W.2d 442, 443 (Mo.App. E.D.1993). The record indicates that Gillespie did not file a motion for substitution within ninety days of her suggestion of death. This court has no discretion to allow late motions for substitution after a party dies, even when due to the excusable neglect of a party.

Rule 44.01(b) concerns the enlargement of time limits for filings. It states in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 52.13, 72.01, 73.01, 75.01, 78.04, 81.04 and 81.07 or for commencing civil action. (Emphasis added.)

The filing and service of the suggestion of death occurred on September 13, 2005. On that date, Gillespie delivered the suggestion of death to this courthouse and it

---

1. The gastroenterologist settled with plaintiff and is not a party to the current action.

2. All rules cited herein refer to Missouri Supreme Court Rules (2006).

was stamped as being received and filed on September 13, 2005. The term "file" means "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." BLACK's LAW DICTIONARY 660 (8th ed.2004).[3] The term centers on the filer's delivery to the courthouse, not the internal processing of the filing. On September 13, the suggestion of death was also faxed to Dr. Rice and her counsel.

 There is no factual dispute that the suggestion of death was filed on September 13.[4] Nor is there a dispute that the motion to substitute was not filed within ninety days of that date. Gillespie claims that the untimely filing of the motion to substitute was due to excusable neglect because Case.net reflected that the suggestion of death was filed on September 15, 2005, as opposed to September 13th—the date actually filed. She argues, "Gillespie, in good faith, filed her motion to substitute 90 days after the date of filing reflected in the Court's docket sheet and 92 days after the date reflected in the Court's correspondence (September 13, 2005)." Furthermore, "[a]ny lateness of filing is the result of excusable neglect which should not prejudice the Appellant herein pursuant to Missouri Supreme Court Rule 44.01." However, Gillespie does not explain the reason for her neglect or affirmatively represent that she actually relied on Case.net, instead of her own filing, to calculate the deadline. And, in any event, Rule 44.01 explicitly disallows this court to extend the time for filing a motion

for substitution of parties; thus, Gillespie's argument is without merit.

 Appellate courts have power to resolve disputes only between parties to the action. The deceased cannot be parties to an appeal. "Courts have jurisdiction to render judgments for or against viable entities only. A dead person is by definition not a viable entity." *Rowland v. Rowland,* 121 S.W.3d 555, 556 (Mo.App. E.D.2003) (citation omitted). Jurisdiction is synonymous with power to effect. "[T]his Court has no power to issue an opinion on the merits without substitution for a deceased party." *State v. Reese,* 920 S.W.2d 94, 95 (Mo. banc 1996). If the statutory and rule-based requirements for substitution have not been met, we have no choice but to dismiss the appeal.

 Furthermore, this court has no inherent, equitable authority to substitute a party after death; we only have power to substitute as allowed by statute and rule. The common law provided that an action be dismissed after the death of a party; courts were not free to substitute after the death of an appellant. "At common law, when plaintiff in error dies before the assignment of error the writ of error will abate; and where statutory appeals take the place of writs of error at common law, if an appellant dies before an appeal has been taken the action abates." 4 C.J.S. *Appeal and Error* Section 245 (1993). Courts generally have no power to continue an appeal beyond an appellant's death. "In such cases it depends on the state of the statute law as to the right to revive the action and to appeal in the name of the

---

3. Also, this court's own filing guidelines state that a submission will be considered "filed" the day it is delivered, or the day prior to the delivery if it is dropped off prior to 8:00 a.m. It states, "If you place a filing in the drop box, prior to 8:00 am, it will be filed with the date of the previous business day."

4. Had a factual dispute existed as to the actual filing date, we would have been compelled to appoint a master to resolve the issue. Controversy regarding a document's filing date is a fact issue to be decided by the court. *See London v. London,* 826 S.W.2d 30, 32 (Mo. App. W.D.1992).

party succeeding to the interest of deceased in the subject matter of the suit." *Id.* Missouri has since recognized this common law principle. *See Marguard v. Rieter,* 30 Mo. 248 (Mo.1860) (plaintiff-appellant died during pendency of appeal; the court sua sponte dismissed the appeal); *Woehrlin v. Schaffer,* 17 Mo.App. 442 (1885) (after the death of a party the court, on its own accord, dismissed the action holding, "[n]o substitution has been made in this court, and in fact no substitution can be made"). Effective substitution, compliant with both the applicable rules and statutes, is, therefore, required for the appellate court to retain jurisdiction because it lacks power to substitute outside of the scope of the authorizing law.[5]

In the current case, Supreme Court Rules, not a statute, limit this court's power to act. Rules 52.13 and 44.01 are absolute in their terms. "Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed...." Rule 52.13. The court "may not extend the time for taking any action under rule[ ] 52.13...." Rule 44.01(b). Authorized by the Missouri constitution and statutes, Missouri Supreme Court Rules are to be given the same effect as statutes so long as they are not in conflict with other law. *See* Mo. CONST. art. V, Section 5; RSMo. 477.010. As no motion to substitute was filed within ninety days of the filing of the suggestion of death, no proper substitution occurred, and the court has no power to substitute a party after the time has run.[6]

While we recognize that Rule 41.03 mandates that we construe the Supreme Court Rules to provide a "just, speedy and inex-pensive determination of every action," we cannot ignore the explicit language of Rules 52.13 and 44.01 and our lack of inherent power to substitute a party after death. We, therefore, reach the timeliness issue and find it dispositive. Plaintiff filed the suggestion of death on September 13, 2005. The motion for substitution was filed on December 14, 2005, more than ninety days after the suggestion of death. The motion for substitution was untimely, and the action must be dismissed under Rule 52.13(a). We are unable to examine Gillespie's possible excusable neglect. *See* Rule 44.01(b).

### Conclusion

For the reasons stated above, the appeal is dismissed without prejudice pursuant to Rule 52.13(a).

BRECKENRIDGE and NEWTON, JJ., concur.

---

**5.** Rule 52.13(a)(1) and RSMo. section 507.100 (2000) operate in harmony. The rule does not abridge substantive rights in violation of *Missouri Constitution,* article V, section 5. *Reese,* 920 S.W.2d at 95–96. An appellate court's power to effect a dispute is outlined by both of these overlapping laws. Only Rule 52.13 is in question in this suit.

**6.** While unable to conduct appellate review, we note that we found no reversible error during our examination of the record in this case.