

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| YES CHANCELLOR FARMS, LLC, | ) | No. ED111217 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | Cause No. 22JE-AC01292-01 |
| | ) | |
| VICKI MERKEL, ET AL., | ) | Honorable Timothy Miller |
| | ) | |
| Defendants/Appellants. | ) | Filed: May 9, 2023 |

## Introduction

Defendants-Appellants Estate of Vicki Merkel, Jessica Huber, Josh Huber, and Wendy Richardson appeal the trial court's summary judgment in favor of Plaintiff-Respondent Yes Chancellor Farms, LLC on its petition for rent and possession. Appellants also challenge the trial court's award of attorney fees to Respondent. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## Background

### Factual Background

Only those material facts set forth in the parties' statements of facts may be considered in determining whether summary judgment is appropriate. *Aziz v. Tsevis*, 565 S.W.3d 738, 744 (Mo.

App. E.D. 2018); *see also Green v. Fotoohighiam*, 606 S.W.3d 113, 117-18 (Mo. banc 2020). The facts properly before us in the summary judgment record are as follows.[1]

Vicki Merkel owned a mobile home on a leased lot at 2490 Nottingham Lane in Fenton, Missouri ("the Premises"). Merkel leased the Premises pursuant to the terms of a 1994 Rental Agreement ("the Lease"). Rent was due on the first day of each month. Monthly rent for the Premises between August 1, 2021 and February 28, 2022 was $426. The Lease also provided that the landlord could recover all attorney fees, expenses, and costs incurred by the landlord in enforcing any of the tenant's obligations under the Lease.

Merkel owned the mobile home until the summer of 2011. That summer, Appellant Jessica Huber, Merkel's daughter, became the owner of the mobile home. Appellants Jessica Huber, Josh Huber, and Wendy Richardson resided at the Premises. Merkel also continued residing at the Premises although she no longer owned the mobile home.

On October 14, 2021, Respondent became the owner of the mobile home park, including the lot leased by Merkel. On the same day, Respondent notified the residents of the Premises that Respondent had purchased the mobile home park.

Beginning on November 1, 2021, Merkel stopped paying rent to Respondent. On January 12, 2022 and March 11, 2022, the residents of the Premises were notified that the monthly rent was delinquent. Also on January 12, 2022, the residents were notified by letter of a $60 fee for

---

[1] Respondent moved to dismiss the appeal for failure to meet the briefing requirements in Rule 84.04(c). Appellants' two-page statement of facts is not "an account of the facts that correspond to the factual statements in the consecutively numbered paragraphs of Respondent's . . . motion for summary judgment" and is, instead, "simply a recitation of the procedural history." *Wichita Falls Prod. Credit Ass'n v. Dismang*, 78 S.W.3d 812, 815-16 (Mo. App. S.D. 2002). Our preference, however, is to decide an appeal on the merits where disposition is not hampered by rule violations and the argument is readily understandable. *Ruff v. Bequette Constr.*, 662 S.W.3d 90, 103 n.11 (Mo. App. E.D. 2023). Because the relevant facts generally are undisputed and are understandable, we choose to review the appeal *ex gratia*. *See id.* The motion is denied.

failing to pay monthly rent by the fifth day of each month. On January 20, 2022, the residents were notified that the monthly rent was being increased to $444, effective March 1, 2022.

On March 8, 2022, Respondent received a check in the sum of $426 as payment of rent due on the Premises. The check was returned to Respondent for insufficient funds on March 22, 2022. Respondent charged $25 as additional rent for the returned check. By July 31, 2022, rent and additional rent owed on the account for the Premises amounted to $4,489. Respondent made demand on the residents for the amount owed prior to filing a petition for rent and possession.

*Procedural Background*

Respondent pursued its petition for rent and possession against Vicki Merkel and Appellants Jessica Huber, Josh Huber, and Wendy Richardson. On June 1, 2022, Respondent obtained a judgment for rent and possession against them in associate circuit court.

On June 10, 2022, the Hubers applied for a trial *de novo* before the trial court pursuant to Section 512.190.[2] On June 17, 2022, Appellants, through counsel, filed a suggestion of death pursuant to Rule 52.13(a)(2), stating that Vicki Merkel was deceased and asking the trial court to dismiss the action against her.[3]

On October 17, 2022, more than 90 days after Appellants filed the suggestion of death, Respondent filed and served a motion to substitute the Estate of Vicki Merkel and Jessica Huber, as Personal Representative of the Estate of Vicki Merkel, as defendants in place of Vicki Merkel. On October 20, 2022, Appellants filed objections to Respondent's motion for substitution. Appellants argued "the appropriate remedy is to remove Vicki Merkel as a party in this case, pursuant to Rule 52.13(a)(2)." Appellants did not argue the appropriate remedy was to dismiss the action as to Vicki Merkel pursuant to Rule 52.13(a)(1), and never suggested Respondent's

---

[2] All statutory references are to the Revised Statutes of Missouri (2021) unless otherwise indicated.
[3] All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.

motion should be denied as untimely because it was served more than 90 days after Appellants' suggestion of death. The trial court granted Respondent's motion for substitution.

On November 4, 2022, Respondent filed its motion for summary judgment, statement of uncontroverted material facts, a copy of all discovery, exhibits, and affidavits on which the motion relied, and a separate legal memorandum explaining why summary judgment should be granted. *See* Rule 74.04(c)(1). In its motion and memorandum, Respondent also requested an award of attorney fees.

Paragraph 9 of Respondent's statement of uncontroverted material facts stated, "That on or about January 12, 2022 and March 11, 2022, the residents at the Premises were notified that the monthly rent due for the Premises was delinquent." Paragraph 10 stated, "That by letter dated January 12, 2022, delivered to the Premises, the Defendants were notified that the fee for failing to pay monthly rent by the 5th of the month is $60.00." Paragraph 11 stated, "That by letter dated January 20, 2022, the Defendants were notified that the monthly rent was being increased to $444.00 effective on March 1, 2022."

Among other exhibits attached to Respondent's statement of uncontroverted material facts was Exhibit 3, a letter dated January 20, 2022 and addressed to Vicki Merkel at the Premises. The letter gave notice that the monthly rent was being increased to $444 effective on March 1, 2022. Also attached was Exhibit 4, a letter dated January 12, 2022 and addressed to Vicki Merkel at the Premises. The letter gave notice that Respondent had not received rent on Merkel's account for the Premises and a $60 late fee had been assessed to Merkel's account pursuant to the Lease.

On November 17, 2022, Appellants filed their response to Respondent's statement of uncontroverted material facts. They denied paragraphs 9 and 10, stating "Upon information and

belief, Defendants state that Exhibit 4 was not delivered on the premises to any single occupant nor posted on the premises." They denied paragraph 11, stating "Exhibit 3 is addressed to Vicki Merkel only." Appellants did not attach Exhibits 3 or 4 to their response. *See* Rule 74.04(c)(2).

The trial court held a hearing and heard arguments on the motion on November 30, 2022. In a judgment and order of December 5, 2022, the trial court granted Respondent's motion for summary judgment. Regarding paragraphs 9 and 10, the trial court noted Appellants' failure to attach Exhibit 4 to their response and found that Appellants' denials were unsupported by any discovery, exhibit, or affidavit. Regarding paragraph 11, the trial court noted Appellants' failure to attach Exhibit 3 and concluded that Appellants' response was not a denial of the statement in paragraph 11 and was unsupported by any discovery, exhibit, or affidavit. The trial court deemed paragraphs 9, 10, and 11 admitted for Appellants' failure to comply with Rule 74.04(c)(2). The trial court entered judgment in favor of Respondent for possession of the Premises, rent and additional rent, attorney fees, and costs against all defendants.

Appellants filed their notice of appeal on December 6, 2022. More than three weeks later, on December 29, 2022, Appellants also filed a motion to vacate, correct, amend, or modify the trial court's judgment as to the award of attorney fees against all defendants. Specifically, Appellants argued for the first time that the award of attorney fees against "Vicki Merkel, and/or Defendant Jessica Huber as Personal Representative of the Estate of Vicki Merkel, and the Estate of Vicki Merkel" was erroneous because Respondent's motion to substitute them as parties was served more than 90 days after the filing of the suggestion of death, in violation of Rule 52.13(a).

The trial court denied Appellants' motion. The court explained:

> At no point in the motion arguments did Defendants' counsel raise the issue of timeliness or Rule 52.13(a). Had counsel done so, and had the result been a dismissal of the deceased Vicki Merkel from the lawsuit, then Plaintiff (as pointed out by Plaintiff's counsel in arguments on this motion) would have added the

5

estate and the PR [Personal Representative] as parties, and the action would have gone forward in that form. By filing this motion, Defendants are asking the Court to now, after a judgment has been entered, void the substitution of the parties and dismiss Vicki Merkel, which would eliminate the estate and the PR from the case. . . . Here, what Defendants are asking is that the Court look back and deny a motion that was granted over two months ago, based on an argument that was never made at the time, and is only being made now after a judgment has been entered, so that Plaintiff will have no opportunity to add new parties.

## Discussion

In their first point on appeal, Appellants argue the trial court erred in granting Respondent's motion for summary judgment. In their second point, Appellants argue the trial court erred in awarding attorney fees against the Estate of Vicki Merkel and Jessica Huber as Personal Representative of the Estate (hereinafter collectively, "the Estate"). In their third and final point, Appellants argue the trial court erred in awarding attorney fees against the remaining Appellants, Jessica Huber (in her personal capacity), Josh Huber, and Wendy Richardson. We affirm the trial court's summary judgment and award of attorney fees against the Estate, and reverse the award of attorney fees against the remaining Appellants.[4]

### Point I — Summary Judgment

In their first point on appeal, Appellants argue the trial court erred in granting Respondent's motion for summary judgment because exhibits attached to Respondent's statement of uncontroverted material facts created an issue of material fact. Appellants argue their response to paragraphs 9, 10, and 11 referenced Exhibits 3 and 4, which already were in

---

[4] Respondent moved to dismiss Appellant's appeal for mootness. Respondent argues Appellants are "collaterally estopped" from appealing the trial court's judgment because judgment was entered in a separate unlawful detainer action against all Appellants except Wendy Richardson, and Respondent made a claim against the Estate of Vicki Merkel in a probate action that relied upon judgments in both the rent and possession action underlying this appeal and the unlawful detainer action. We deny the motion for several reasons. Among them, Respondent has not explained whether or how its invocation of "collateral estoppel" applies on appeal. *Compare Miller v. Hubert*, 804 S.W.2d 819, 820 (Mo. App. E.D. 1991) (collateral estoppel), *with City of O'Fallon v. CenturyLink, Inc.*, 491 S.W.3d 276, 283–84 (Mo. App. E.D. 2016) (mootness of an appeal). Assuming Respondent's invocation of collateral estoppel could apply on appeal, Respondent did not first timely plead it in its petition. *See Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 795-96 (Mo. banc 2015).

6

"the record" as attachments to Respondent's statement of uncontroverted material facts, and "the trial court erroneously faulted [Appellants] for not re-attaching those exhibits to its response."

Appellants' response to paragraphs 9, 10, and 11 of Respondent's statement of uncontroverted material facts failed to comply with Rule 74.04(c)(2) in a variety of ways. We affirm the trial court's summary judgment.[5]

<u>Standard of Review</u>

We review a grant of summary judgment *de novo*. *Brockington v. New Horizons Enterps., LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022). In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. *Id.* Summary judgment is proper only if the moving party establishes there is no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law. *Id.* The record is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. *Id.* The facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* A response that does not comply with Rule 74.04(c)(2) with respect to any numbered paragraph in the movant's statement of uncontroverted material facts is an admission of the truth of that numbered paragraph. Rule 74.04(c)(2).

---

[5] In the argument section of their appellate brief, Appellants also take issue with the trial court's deeming other paragraphs admitted for reasons other than Appellants' failure to attach exhibits, discovery, or affidavits to its response. But those alleged errors are not captured in Appellants' point relied on, in contravention of Rule 84.04(d) and (e), and we will not review them. *See Tolu v. Reid*, 639 S.W.3d 504, 515 n.7 (Mo. App. E.D. 2021).

<u>Analysis</u>

**Paragraphs 9 and 10**

In paragraph 9 of its statement of uncontroverted material facts, Respondent asserted, "That on or about January 12, 2022 and March 11, 2022, the residents at the Premises were notified that the monthly rent due for the Premises was delinquent." In paragraph 10, Respondent alleged, "That by letter dated January 12, 2022, delivered to the Premises, the Defendants were notified that the fee for failing to pay monthly rent by the 5th of the month is $60.00." In support of paragraphs 9 and 10, Respondent specifically referenced and attached Exhibit 4, a letter dated January 12, 2022 and addressed to Vicki Merkel at the Premises. The letter gave notice that Respondent had not received rent on Merkel's account for the Premises and a $60 late fee had been assessed to Merkel's account pursuant to the Lease.

Appellants denied both paragraphs, asserting, "Upon information and belief, Defendants state that Exhibit 4 was not delivered on the premises to any single occupant nor posted on the premises." Though Appellants' response plainly denies Respondent's paragraphs 9 and 10, Rule 74.04(c)(2) requires more than a flat denial:

> A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.

> Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

Here, Appellants' denials were "[u]pon information and belief." While the denials specifically referenced Exhibit 4, that exhibit was not attached to Appellants' response. *See generally Deer Run Prop. Owners Ass'n v. Bedell*, 52 S.W.3d 14, 18 (Mo. App. S.D. 2001) (holding appellant's general denial "upon information and belief" was insufficient to show a genuine issue of fact to withstand a motion for summary judgment); *Great S. Bank v. Blue Chalk*

8

*Constr., LLC*, 497 S.W.3d 825, 834 (Mo. App. S.D. 2016) (citing Rule 74.04(c)(2) and stating, as part of summary judgment process, trial court "considers the non-movant's specific references to the discovery, exhibits, or affidavits attached to the response supporting the non-movant's denial of [a] material fact[.]"). Even if it had been attached to the response, nothing in Exhibit 4 itself supports Appellants' denial that it was delivered to the Premises. *See* Rule 74.04(c)(2); *Lemay Place Condo. Ass'n v. Frank*, 633 S.W.3d 503, 507-08 (Mo. App. E.D. 2021) (disregarding statement of material fact because it was "not supported by any of the documents it specifically referenced"). Appellants' response to Respondent's paragraphs 9 and 10 therefore did not comply with Rule 74.04(c)(2), and the trial court did not err in deeming those paragraphs admitted.

**Paragraph 11**

In paragraph 11 of its statement of uncontroverted material facts, Respondent asserted, "That by letter dated January 20, 2022, the Defendants were notified that the monthly rent was being increased to $444.00 effective on March 1, 2022." In support of paragraph 11, Respondent specifically referenced and attached Exhibit 3, a letter dated January 20, 2022 and addressed to Vicki Merkel at the Premises. The letter gave notice that the monthly rent was being increased to $444 effective on March 1, 2022.[6]

Appellants denied paragraph 11, asserting, "Exhibit 3 is addressed to Vicki Merkel only." Despite specifically referencing Exhibit 3, Appellants did not attach it to their response. Even assuming Exhibit 3 was addressed to Vicki Merkel only, that does not as a matter of fact contradict that Appellants, residents of the same Premises to which Exhibit 3 was addressed,

---

[6] Respondent also specifically referenced and attached Exhibit 16, an affidavit of the office administrator of the mobile home park, in support of paragraphs 9 and 11. Appellants responded that Exhibit 16 did not support those paragraphs, but Appellants have not maintained that position on appeal. The argument is abandoned, and we do not consider it. *See Schultz v. Bank of Am. Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 697 (Mo. App. E.D. 2022).

9

were notified that the monthly rent was being increased. *See* Rule 74.04(c)(2); *Frank*, 633 S.W.3d at 507-08. Appellants' response to Respondent's paragraph 11 therefore did not comply with Rule 74.04(c)(2).

The trial court did not err in deeming paragraphs 9, 10, and 11 admitted and finding no genuine issue of material fact. Point I is denied and the summary judgment is affirmed.

*Point II — Attorney Fees Against the Estate*

Appellants assert the trial court erred in awarding attorney fees against "Defendant Vicki Merkel and/or against Defendant Jessica Huber as Personal Representative of the Estate of Vicki Merkel, and the Estate of Vicki Merkel." Appellants' argument is that the trial court should have dismissed without prejudice Respondent's action against Vicki Merkel pursuant to Rule 52.13(a)(1) because Respondent untimely filed and served its motion to substitute the Estate as a party. Appellants did not promptly raise this argument to the trial court, and it is waived.

Rule 52.13(a)(1) provides, in pertinent part:

> If a party dies and the claim is not thereby distinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest . . . . Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

The parties agree that Respondent served its motion to substitute the Estate as a party more than 90 days after Appellants filed their suggestion of death. Appellants' only argument in opposition to Respondent's motion for substitution was that "the appropriate remedy is to remove Vicki Merkel as a party in this case, pursuant to Rule 52.13(a)(2)."[7] The trial court granted Respondent's motion for substitution, thereby substituting the Estate for the deceased

---

[7] Rule 52.13(a)(2) provides in pertinent part, "In the event of the death of . . . one or more of the defendants in an action in which the right sought to be enforced survives . . . only against the surviving defendants, the death shall be suggested on the record and the action shall proceed . . . against the surviving parties."

Vicki Merkel. The trial court later granted summary judgment and awarded attorney fees against all defendants. At no point before the trial court entered judgment against them did Appellants make any mention of Rule 52.13(a)(1) or that Respondent's motion was untimely served more than 90 days after Appellants filed the suggestion of death.

Parties are bound by the position taken in the trial court, and we can review the case only upon those theories. *Berezo v. Berezo*, 628 S.W.3d 737, 747 (Mo. App. E.D. 2021). This Court "will not convict a trial court of error for an issue not presented for its determination." *Id.* (quoting *Dotson v. Dillard's, Inc.*, 472 S.W.3d 599, 603 n.2 (Mo. App. W.D. 2015)).

Appellants nonetheless point out that, after judgment was entered, they raised in their motion to vacate the judgment that the trial court should have dismissed Respondent's action against Vicki Merkel pursuant to Rule 52.13(a)(1) because Respondent served its motion to substitute the Estate as a party more than 90 days after the suggestion of death was filed. Appellants' motion to vacate the judgment was too late to preserve this argument for appeal and it is waived. *See Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260 (Mo. banc 2014).

In *Mayes*, the defendants moved to dismiss the plaintiffs' petition for failure to comply with Section 538.225. *Id.* at 264. In their suggestions in opposition, the plaintiffs asserted they had complied with the statute. *Id.* The trial court found otherwise and dismissed the case. *Id.* The plaintiffs filed a motion to vacate the order of dismissal, in which they argued for the first time that dismissal was improper because Section 538.225 was unconstitutional. *Id.* at 264-65, 264 n.7. The trial court denied the plaintiffs' motion. *Id.* at 265.

On appeal, the Supreme Court noted that the trial court did not have the opportunity to hear the unconstitutionality argument when ruling on the defendants' motion to dismiss because the plaintiffs neglected to raise it. *Id.* at 267. The Court explained, "The requirements for

11

preserving constitutional issues for appeal are in place to permit the trial court an opportunity to fairly identify and rule on the issue." *Id.* (internal quotation omitted). The Court also went out of its way to emphasize, "This requirement is not limited to constitutional questions," because Rule 78.09 requires a party, "at the time the ruling or order of the court is made or sought, to make known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor." *Mayes*, 430 S.W.3d at 267 (internal quotation and alteration omitted). Failure to do so constitutes a waiver of the objection. *Id.* The Supreme Court concluded, "Here, the occasion for the plaintiffs' desired ruling regarding the constitutional validity of Section 538.225 first appeared when the trial court was ruling on defendants' motion to dismiss pursuant to Section 538.225." *Id.* Accordingly, the plaintiffs failed to preserve the issue for appeal. *Id.*

Here, as in *Mayes*, the occasion for Appellants' desired ruling first appeared when the trial court was ruling on Respondent's motion for substitution. The trial court did not have the opportunity to hear Appellants' Rule 52.13(a)(1) timeliness argument when ruling on the motion for substitution because Appellants neglected to raise it. In fact, the trial court observed precisely that when first presented with the argument in Appellant's motion to vacate the judgment.

Still, Appellants suggest this issue cannot be waived because the trial court had no "power" to grant Respondent's untimely motion for substitution. But this argument appears nowhere in Appellants' opening brief. Instead, they waited until their reply brief to cite *Gillespie v. Rice*, 224 S.W.3d 608, 610 (Mo. App. W.D. 2006), for the proposition that a court has no power to grant an untimely motion for substitution under Rule 52.13(a)(1). Whether or not we perceive a pattern, Appellants' argument comes too late here, as before the trial court. *See*

12

*Swafford v. Treasurer*, 659 S.W.3d 580, 585 n.7 (Mo. banc 2023) ("Assignments of error set forth for the first time in the reply brief do not present issues for appellate review.").

Even if Appellants had raised the "power" of the trial court and *Gillespie* in their opening brief on appeal, the argument would fail on its merits. The power of the trial court to decide Respondent's untimely motion for substitution under Rule 52.13(a)(1) is not a matter of the court's subject matter jurisdiction, which cannot be waived and may be raised at any time, even on appeal. *See McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473, 476 (Mo. banc 2009). Rather, Rule 52.13(a)(1) is a procedural rule. *See State v. Reese*, 920 S.W.2d 94, 95 (Mo. banc 1996). If a matter is not one of subject matter jurisdiction, but is a procedural matter required by statute or rule, an affirmative defense, or personal jurisdiction, then it generally may be waived if not timely raised. *See Giudicy v. Mercy Hosps. E. Communities*, 645 S.W.3d 492, 501 n.4 (Mo. banc 2022); *McCracken*, 298 S.W.3d at 476.

For that reason, among others, *Gillespie* is distinguishable. Contrary to Appellants' intimation, the *Gillespie* court did not hold that it lacked subject matter jurisdiction to consider an untimely motion for substitution. And critically, unlike here, there was no waiver of the Rule 52.13(a)(1) timeliness issue. In *Gillespie*, the lone appellant died during the pendency of the appeal, and her estate untimely served the motion for substitution. 224 S.W.3d at 610. The Western District of this Court recognized "we only have power to substitute as allowed by statute and rule" and, "[i]f the statutory and rule-based requirements for substitution have not been met, we have no choice but to dismiss the appeal." *Id.* at 611. Though the court talked in terms of "power," it was not referring to subject matter jurisdiction.[8] Rather, the court relied

---

[8] Subject matter jurisdiction, in contrast to personal jurisdiction, is not a matter of a state court's power over a person, but the court's authority to render a judgment in a particular category of case. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). The subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. *Id.* Article V, section 14 sets forth the subject matter jurisdiction of Missouri's

13

explicitly on Rule 52.13(a)(1) and its "rule-based" requirement that a motion for substitution must be served within 90 days of the filing of the suggestion of death, or the action must be dismissed as to the deceased party. *Id.* at 610-11.

Appellants' argument that the action against Vicki Merkel should have been dismissed pursuant to Rule 52.13(a)(1) because Respondent's motion for substitution was untimely is waived. Point II is denied.

*Point III — Attorney Fees Against Remaining Appellants*

In their final point, Appellants argue the trial court erred in awarding attorney fees against Appellants Jessica Huber (in her individual capacity), Josh Huber, and Wendy Richardson because they were not tenants under the Lease. We reverse the trial court's award of attorney fees against these Appellants.

Standard of Review

We generally review a trial court's award of attorney fees for an abuse of discretion. *Square Up Builders, LLC v. Crystal Window & Door Sys., Ltd.*, 658 S.W.3d 218, 220 (Mo. App. E.D. 2022). However, that standard of review applies only when the trial court had authority to award such fees. *Id.* Whether a trial court had authority to award attorney fees is a question of law that we review *de novo*. *Id.*

Analysis

Not every successful litigant is awarded attorney fees. *Arrowhead Lake Ests. Homeowners Ass'n, Inc. v. Aggarwal*, 624 S.W.3d 165, 167 (Mo. banc 2021). "Missouri courts follow the American Rule, which provides that, in the absence of statutory authorization or

___

circuit courts in plenary terms, providing, "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." *Id.* As in *Webb*, whether the trial court here had subject matter jurisdiction is straightforward: "The present case is a civil case. Therefore, the circuit court has subject matter jurisdiction and, thus, has the authority to hear this dispute." *Id.* at 254.

contractual agreement, with few exceptions, parties bear the expense of their own attorney fees." *Id.* (quoting *Wilson v. City of Kan. City*, 598 S.W.3d 888, 896 (Mo. banc 2020)).

Respondent cites no statute authorizing the trial court to order Appellants to pay Respondent's attorney fees. The question thus becomes whether any contract authorizes the award of fees. Of course, the Lease is a contract. *See Moorshead v. United Rys. Co.*, 119 Mo. App. 541, 96 S.W. 261, 287 (1906). When a party requests attorney fees under a provision of a contract, the trial court must comply with the terms set forth in that contract. *Square Up Builders, LLC*, 658 S.W.3d at 221.

The interpretation of a lease agreement is a question of law. *CP3 BP Associates LLC v. CSL Plasma Inc.*, 645 S.W.3d 654, 659 (Mo. App. E.D. 2022). We begin our interpretation of the Lease by examining the plain language to determine whether it clearly addresses the issue at hand. *Id.* at 662. The plain language of the Lease provides for the landlord's recovery of attorney fees "in enforcing any of Tenant's obligations under this Rental Agreement, or in any litigation or negotiation in which Landlord shall, without its fault, become involved through, upon or on account of disagreement." The plain language of the Lease specifies that the landlord may recover fees only from "Tenant," and the only tenant was Vicki Merkel.[9]

It is a well settled principle of Missouri law that a contract generally binds no one but the parties thereto, and it cannot impose any contractual obligation or liability on one not a party to it. *Reddick v. Spring Lake Ests. Homeowner's Ass'n*, 648 S.W.3d 765, 777 (Mo. App. E.D.

---

[9] It bears noting that Respondent became party to the lease by virtue of purchasing the leased property. *See*, *e.g.*, *Elliott v. Delaney*, 217 Mo. 14, 116 S.W. 494, 500 (1909) ("When the plaintiff did buy, he became lessor of the defendant, and acquired such other rights as to the property as Mrs. Sterling had and could convey."); *Fallek v. Cramer*, 239 Mo. App. 494, 500, 191 S.W.2d 375, 379 (1945) ("[W]hen plaintiffs purchased the property and continued to accept rent from the lessees, they thereby became *lessors* and bound by the limitations and restrictions in the covenant . . ..") (emphasis in original).

15

2022); *see*, *e.g.*, *Ordower v. NRT Missouri, LLC*, 528 S.W.3d 463, 467 (Mo. App. E.D. 2017) (concluding the only parties to a contract were the parties mentioned in the contract).

Respondent appears to acknowledge that Jessica Huber (in her individual capacity), Josh Huber, and Wendy Richardson are not "Tenants" under the Lease and the plain language of the Lease therefore does not provide for the award of attorney fees against them. Instead, Respondent offers the general proposition that "a party who is not a party to a lease can nevertheless be held to have impliedly assumed the obligations under the lease simply because they occupied and resided at the Premises for more than one year before the date of the Judgment." More specifically, Respondent argues Appellants "impliedly assumed all of the obligations of the tenant upon the Lease" pursuant to a "contract implied by law . . . based primarily on the principle of unjust enrichment." Whatever to make of this legal theory, the only authority Respondent offers is *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261 (Mo. App. W.D. 1984). But *Green Quarries* merely lists the elements of an unjust enrichment claim and does not otherwise elucidate Respondent's theory.

Without more, we can conclude only that the trial court had neither statutory nor contractual authority to award attorney fees against these Appellants. *See Aggarwal*, 624 S.W.3d at 167. The trial court's award of attorney fees against Appellants Jessica Huber (in her individual capacity), Josh Huber, and Wendy Richardson is reversed.[10]

Point III is granted.

---

[10] Respondent filed a motion for attorney fees on appeal. Pursuant to our analysis in Point II and the terms of the Lease, we grant the motion as against the Estate. This Court has the authority to allow and fix the amount of attorney fees on appeal. *Solomon v. St. Louis Circuit Attorney*, 640 S.W.3d 462, 480 (Mo. App. E.D. 2022). We exercise this authority with caution, however, because in most cases the trial court is better equipped to hear evidence and determine the reasonableness of fees. *See id.* Considering this case must be remanded anyway, we remand with instructions to the trial court to calculate reasonable attorney fees on appeal in favor of Respondent and against the Estate.

## Conclusion

The trial court's judgment is affirmed in part and reversed in part. We remand to the trial court for further proceedings consistent with this opinion, with instructions to (1) vacate that part of the judgment awarding attorney fees against Appellants Jessica Huber (in her individual capacity), Josh Huber, and Wendy Richardson, and (2) calculate reasonable attorney fees on appeal in favor of Respondent and against the Estate, that is, the Estate of Vicki Merkel and Jessica Huber as Personal Representative of the Estate.


_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

17